FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JAN -9 P 1: 20

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

    Plaintiff

v.

12636 SUNSET AVENUE, UNIT E-2,
WEST OCEAN CITY, MARYLAND,

    Defendant

CIVIL NO. JKB-13-2847

## MEMORANDUM AND ORDER

Pending before the Court in this civil forfeiture case are the Government's motion to strike claims and for summary judgment (ECF No. 9) and the motion of certain claimants for leave to file a surreply (ECF No. 12). The Government's motion will be granted in part and denied in part. Claimants' motion will be denied as moot.

### *I. Background*

The Government filed its verified complaint for forfeiture on September 27, 2013, against the above-named parcel of real property, asserting it "constitute[d] proceeds traceable to trafficking in counterfeit goods or services in violation of 18 U.S.C. § 2320." (Compl. ¶ 5, ECF No. 1.) According to the complaint and the attached declaration made under penalty of perjury by an agent of the Department of Homeland Security, the property's owner is Jerold L. Sharoff. In an investigation jointly conducted in 2011 by federal agents and Ocean City police, investigators purchased and observed counterfeit merchandise in stores owned by Sharoff. In the fifteen years preceding the filing of the forfeiture complaint, investigators had documented numerous incidents of cease-and-desist letters and search warrants on businesses owned by

Sharoff on grounds he was selling counterfeit goods under such brand names as Coach, Monster Energy, Fox Racing, NFL, Juicy Couture, Chanel, and Tiffany & Co. On August 17, 2011, agents executed search warrants on five business locations owned or operated by Sharoff, including the property at issue in this forfeiture case, which was used as a warehouse for the counterfeit merchandise.

Sharoff was indicted in this District for conspiracy and the substantive offenses of trafficking in counterfeit goods and trafficking in counterfeit labels in violation of 18 U.S.C. § 2320. (Crim. No. WDQ-13-25, ECF No. 1.) Pursuant to plea negotiations, Sharoff and the Government signed on September 16, 2013, a plea agreement in which Sharoff admitted that he used the warehouse to store counterfeit goods for eventual sale in his stores and agreed to forfeit to the Government all right, title, and interest in the warehouse. (Civ. No. JKB-13-2847, ECF No. 9-2.)[1] The criminal case docket reflects that Sharoff intended to plead guilty at a rearraignment hearing set for September 24, 2013. However, he died on September 20, 2013 (according to the parties, he was killed in a hit-and-run vehicle accident), and the criminal charges against him were subsequently dismissed. (Crim. No. WDQ-13-25, ECF No. 27.)

As earlier noted, this civil forfeiture action was filed on September 27, 2013. Two people have timely filed an answer to the complaint and a claim for property: David Sharoff, individually and in his capacity as personal representative of the Estate of Jerold Lee Sharoff, and Eli Sharoff, individually. David and Eli Sharoff are brothers of Jerold Sharoff, who died intestate. (Claim, ECF No. 3.) They dispute any connection between the property and the alleged criminal activity, they claim forfeiture is disproportional and constitutionally excessive,

---

[1] The signed plea agreement, although not authenticated, is not challenged by the claimants as lacking authenticity. Since the document is only considered here in relation to the standing argument, any concerns about its authentication may be addressed later when the meaning to be attached to it is at issue. Here, the Court only regards it as background for analysis.

2

they claim they should be deemed innocent owners of the property under 18 U.S.C. § 983(d), they assert the forfeiture proceeding is abated by Jerold Sharoff's death, and they claim that his death prevents a fair defense to the forfeiture allegations in violation of their right to due process. (*Id.* ¶¶ 4-9.)

The Government filed correspondence with the Court indicating the case's circumstances revealed that the brothers had no standing, either individually or in David Sharoff's capacity as personal representative, and requested no scheduling order be issued inasmuch as the Government desired to file a motion to strike the claims and for summary judgment. (ECF No. 4.) On the basis that the case might be disposed of on purely legal grounds without the necessity of discovery and dispositive motions, the Court granted the Government's request. (ECF No. 8.) The Government's motion and opposition thereto have been thoroughly briefed (ECF Nos. 9, 10, and 11), and no hearing is necessary, Local Rule 105.6 (D. Md. 2011). Because of the disposition as to the Government's motion, the claimants' motion for leave to file a surreply is moot.

## *II. Analysis*

The Government has challenged the standing of the Sharoff brothers to claim the property that is the subject of this action. A careful reading of the Government's motion indicates that the challenge is not based upon the claimants' statutory standing, *i.e.*, whether they have satisfied the statutory requirements for asserting a claim, but upon whether they satisfy the case-or-controversy requirement of Article III. Because a civil forfeiture action is brought against property rather than people, a claimant has Article III standing only if he has an ownership, possessory, or security interest in the specific property that is the subject of the forfeiture action. *See United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 57 (1st Cir.

2013); *United States v. Real Property Located at 4527-4535 Michigan Ave., Detroit, Mich.*, 489 F. App'x 855, 857 (6th Cir. 2012) (unpublished); *United States v. Miscellaneous Jewelry*, 667 F. Supp. 232, 235-36 (D. Md. 1987), *aff'd sub nom. United States v. Walker*, 889 F.2d 1317 (4th Cir. 1989). A court should look to the law of the jurisdiction that created the property right to determine a claimant's legal interest. *Real Property . . . Detroit*, 489 F. App'x at 857. Since the property at issue is real property in Maryland, the nature of the claimant's legal interest is determined by reference to Maryland state law.

Under Maryland law, a personal representative holds legal title to all property, both real and personal, of the decedent for the purposes of administration and distribution. Md. Code Ann., Est. & Trusts § 1-301 (LexisNexis 2011). Further, a personal representative is authorized under Maryland law to "maintain an action to recover possession of property or to determine its title." Section 7-102. The Government concedes that a personal representative would ordinarily have standing to assert a claim in a forfeiture proceeding. (Pl.'s Mot. 5.) However, it goes on to argue that a different result should obtain in the present case because the decedent agreed to forfeit the property, which prevents the estate from having *standing* to challenge the forfeiture, reasoning that, had the plea agreement been accepted by the Court before Sharoff's untimely death, he would be barred from challenging the forfeiture. Thus, the personal representative, the Government argues, is barred by the plea agreement from challenging the forfeiture. (*Id.* 5-6.)

It seems to the Court that the Government has intertwined the merits of any claim the personal representative might make with his ability to come into court and make the claim in the first place. Although the undersigned is frankly dubious that the estate will be able to argue effectively against the decedent's admissions against interest and is equally dubious that the Government will be unable to present a convincing case in favor of forfeiture, it is not yet time to

4

resolve the merits of the personal representative's claim. Thus, the Court concludes that David Sharoff, in his capacity as personal representative of Jerold Sharoff's estate, has constitutional standing to assert a claim in this forfeiture action.

Just as the section of the Maryland Code granting legal title of estate property to a decedent's personal representative between the time of death and the time of distribution of the estate establishes the personal representative's standing to make a claim in a forfeiture proceeding, this same section also excludes, by negative implication, any ownership or possessory right of individual heirs in estate property during the same time period. For an explanation of the rationale for the 1969 enactment of Section 1-301, see *Green v. Nassif*, 44 A.3d 321, 335-36 (Md. 2012) (Section 1-301 based on difficulty of heirs and legatees in immediately assuming responsibility for managing property). The two cases cited by David and Eli Sharoff as support for their argument that they have standing to be claimants in the forfeiture case predate the enactment of Section 1-301 and are inapposite. The first case is an opinion of the Maryland Court of Appeals in which the court was required to interpret a provision in a will to determine if a remainder interest vested in the remaindermen at the time of the testator's death or at the time when a life estate terminated. There, the court concluded that nothing in the will's wording suggested the testator intended to postpone the vesting of the estate until the widow's interest ceased by death or marriage; thus, the vesting of the remainder occurred at the time of the testator's death. *Hoover v. Smith*, 54 A. 102, 103 (Md. 1903). The second case also dealt with a will. In that case, a testator's will created a trust with income to the widow and child during their lifetimes. The will also granted the widow and the adult child a power of appointment over the trust to dispose of the assets, but not power to grant themselves outright title and possession of the trust assets. The court found that, because the will failed to provide

5

for disposition of the trust assets if either the widow or daughter failed to exercise the power of appointment, a reversionary interest was created for the widow's and daughter's shares at the time of the testator's death and, later, for the daughter's full right to income at her mother's death. *Maryland Nat'l Bank v. United States*, 236 F. Supp. 532, 534-35 (D. Md. 1964). In the latter case, the court stated, "The reversion vests in interest in the heirs and next of kin of the testator at the time of his death, subject, however, to being divested on the execution of the power, and is alienable and devisable by them, although it will not vest in possession unless and until the holder of the power of appointment does in fact fail to exercise the power." *Id.* Neither case overrides current Maryland law that legal title to an intestate decedent's estate property is granted to the personal representative in the time after the decedent's death and distribution of the estate.

## *III. Conclusion*

Because David Sharoff has established standing in his capacity as personal representative for the Estate of Jerold Sharoff, the Government's motion to strike his claim is DENIED; the motion is GRANTED as to the individual claims of David and Eli Sharoff. To the extent the Government has sought summary judgment in the forfeiture case, the Government's motion is DENIED WITHOUT PREJUDICE. Claimants' motion for leave to file a surreply is DENIED AS MOOT. A scheduling order will be issued separately.

DATED this __8__ day of January, 2014.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge